THOMAS, Justice:
Under Chapter 24827, Special Acts of Florida, 1947, the Pinellas County Health Board was created composed of persons according to their residence in certain cities, and their membership in various organizations who were to be certified to the Board. For instance, one member was to be selected by Pinellas County Medical Association and one from the residents of Tarpon Springs chosen by the governing body of that City.
The act which is immediately involved in this litigation is Chapter 24819, Laws of Florida, Special Acts of 1947, providing that Pinellas County through its Board of County Commissioners is authorized and empowered to acquire sites for offices, *502 and offices for occupancy by such officers, as the Board of County Commissioners shall determine to be necessary for the proper performance of their duties. This act also providés that for the purpose of acquiring, constructing or equipping such sites and buildings the Board of County Commissioners may issue and sell Revenue Anticipation Bonds of the county.
Under authority of this act the County Commissioners resolved to issue $1,300,000 in bonds, the proceeds of which are to be used to erect an office building in St. Petersburg to house the Pinellas County Health Department. A decree was entered by the Judge of the Circuit Court validating and confirming the bonds. From this decree comes an appeal to this court.
At the outset the appellants readily concede that if the members of Pinellas Health Board are officers of the County, the county has authority to issue the bonds, but, they contend such is not the case. This, they say, cannot be so because by Sec. 27, Art. Ill, of the Florida Constitution, F.S.A., the legislature is mandated to “provide for the election by the people or appointment by the Governor of all State and county officers.”
So, judging by appellant’s first question, it is argued that because the members of the Health Board are not legally selected the Board of County Commissioners do not have the authority to issue tire bonds for the construction of a building to accommodate the health unit.
The appellant has been at pains to demonstrate who are and who are not public officers but we agree with the Circuit Judge that the health unit as such is a proper county function and there is no occasion now to determine whether or not the eventual occupants of the proposed building or the members of the Health Board who supervise these activities will have been legally appointed.
Our examination in the light of appellant’s challenge has not revealed any illegality in the proceeding so the decree approving the issue of bonds is—
Affirmed.
THORNAL, C. J., and DREW, O’CONNELL and ERVIN, JJ., concur.